## Childress, Police Judge, et al. v. Riggs.

(Decided December 18, 1925.)

### Appeal from Kenton Circuit Court

1. Municipal Corporations—Local License Tax Held Invalid as to Transportation Company Licensed Under State Law.—City ordinance, imposing license fees on motor vehicles used to transport passengers for hire having carrying capacity of five persons or less, is void under Kentucky Statutes, section 2739j-27, as respects auto transportation companies operating under sections 2739j-1 to 2739j-29 licensed by state road department and paying fees under section 2739j-19.

2. Carriers—Statute Excluding from its Operation Vehicles Carrying Less than Five Passengers Except as to Fees does not Subject Such Vehicles to Local License Fees.—Kentucky Statutes, section 2739j-19, providing that act regulating auto transportation companies, except as respects license fees, shall not apply to vehicles having a carrying capacity of five persons or less, does not deprive such vehicles of protection from local regulations given by section 2739j-27, and does not subject them to local license fees, since otherwise act would discriminate against lighter vehicles.

3. Highways—Statute Held Intended to Relieve Persons Operating Auto Transportation Companies, Using Particular Vehicles, from Regulatory Features of Act.—Kentucky Statutes, section 2739j-19, providing that act regulating auto transportation companies, except as respects license fees, shall not apply to vehicles having a carrying capacity of five persons or less, is intended merely to relieve persons operating auto transportation companies using such vehicles from various regulatory features of act.

O. M. ROGERS for appellants.

E. R. RIVARD for appellee.

Opinion of the Court by Judge Sampson—Affirming.

An ordinance providing that license fees be paid by those operating automobiles for the transportation of passengers for hire, $150.00 upon each automobile so used, has been enacted by the board of trustees of the town of Erlanger, a municipality of the sixth class. Section 3 of the ordinance reads:

"The provisions of this ordinance shall apply to any and all motor vehicles having a carrying capacity of five persons or less and such other motor vehicles as have not been licensed by the State Highway Commission, to carry on the business of transporting passengers within said town, under the provisions of an act passed by the General Assembly of Kentucky, in 1924, being chapter eighty-one of the Acts of the General Assembly of 1924."

Appellee, A. C. Riggs, is operating an "auto transportation company" within the meaning of section 2739j-1-29, Kentucky Statutes, using a five passenger Ford touring car and operating between the end of the Ft. Mitchell car line and the town of Erlanger. He has paid the fees provided for by section 2739j-19, and has been granted a permit by the state road department to operate.

The validity of the ordinance, *supra*, in so far as it undertakes to impose a license fee of $150.00 upon the automobile used by appellee Riggs in operating his licensed auto transportation company is the question presented by this appeal. Section 2739j-27 of the statutes reads:

"Local ordinances, except police regulations, not applicable.—On an auto transportation complying with the provisions of this act all local ordinances, resolutions, by-laws, rules and license fees in force shall cease to be operative as to them, except the municipalities and other local subdivisions may make reasonable police and traffic regulations, and regulations within their boundaries not inconsistent with the provisions of this act."

It thus is made manifest by the clear and unambiguous language used to express its intention that the legislature intended that when an auto transportation com-

pany paid the fees required and was licensed to operate over the highways of the state of Kentucky all local ordinances, resolutions by-laws, rules and license fees in force should cease to be operative as to them. Clearly under that section of the statute the ordinance in question, in so far as it undertakes to impose municipal license fees upon automobiles engaged in the service of an "auto transportation company," within the terms of that act, is illegal and void.

Appellant, however, quotes the following sentence of section 2739j-19: "No provisions of this act, except 2739j-19, providing for payment of fees, shall be applicable to any motor vehicle having a carrying capacity of five persons or less." It is insisted that thereby automobiles with a carrying capacity of five persons or less were taken from under the protection of the provisions of section 2739j-27, and are subject to local license fees.

We find that section 2739j, in all of its twenty-nine subsections, relates to the regulation and licensing of auto transportation companies. The act had for its purpose a two-fold object. First, inasmuch as the business engaged in by transportation companies operating regularly scheduled vehicles between fixed termini is one directly affecting the public, it was deemed expedient by the legislature to adopt a number of regulatory measures for the protection of the public. Second, inasmuch as the operation of such vehicles was the source of constant wear and tear upon the highways of the state, built from public funds, it was deemed expedient to provide a schedule of license fees to be paid by the vehicles used in that business to provide a fund for the repair and maintenance of the highways. In fixing the license fees to be paid upon the vehicles used in operating auto transportation companies the legislature evidently took into account both the earning capacity of the vehicles and the damage they would cause to the highway, because the scale of fees is graduated according to the seating capacity of the vehicles. In providing that the vehicle with a carrying capacity of five persons or less should be licensed at a lesser sum than a vehicle with a greater carrying capacity, the legislature evidently took into account the fact that such a vehicle would be lighter and therefore cause less damage to the highways, and would, because of its limited seating capacity, be capable of earning for its proprietors less money than one with greater seating capacity.

The schedule of fees seems to have been worked out by the legislature in an attempt to equalize and fairly distribute the burden of license fees. Having placed upon vehicles with a carrying capacity of five persons or less used by auto transportation companies, within the meaning of that act, their full share of the burden of license fees imposed by it, and having expressly by the terms of 2739j-27 relieved all vehicles used by auto transportation companies from local license fees, it hardly seems probable that the legislature then intended by the quoted portion of section 2739j-27 to remove the vehicles with a carrying capacity of five or less from the protection of section 2739j-27, and subject them to local license fees. If the quoted provision of section 2739j-19 should be given that meaning, it would follow that to that extent it is discriminatory. The extent to which that construction would render the legislation discriminatory is well illustrated by the case now before us. To say that under the terms of the quoted portion of section 2739j-19 vehicles with a carrying capacity of five persons or less, though used by auto transportation companies, may, in addition to the license fees imposed by that act, be taxed under local ordinances and have an additional license fee of $150.00, as in this case imposed, readily makes manifest the discrimination resulting from that construction. In view of the fact that the legislature fixed a schedule of license fees after taking all the facts and circumstances into account, and expressly provided that the payment of those fees should relieve all auto transportation companies of the payment of local license fees, the court is unable to conclude from the language used in the quoted portion of 2739j-19 that the legislature intended thereby to take motor vehicles with a carrying capacity of five or less out from under the provisions of section 2739j-27. Otherwise it would seem that we would be forced to conclude that in attempting to do so by the quoted portion of section 2739j-19, the legislature unfairly discriminated against the latter class of vehicles and exceeded its authority in so doing. It seems to the court that by the quoted portion of section 2739j-19 the legislature merely intended to relieve those operating auto transportation companies by using vehicles capable of carrying five passengers or less of the various regulatory features set forth in the act.

Wherefore, the judgment of the trial court holding the ordinance in question void, in so far as it undertook

to impose a license fee upon appellee Riggs, and enjoining the police judge of Erlanger from trying him and imposing a penalty upon him for failure to obtain a license under its provisions, is affirmed.

The whole court sitting. Judge Dietzman dissenting.